MATTER OF ALVAREZ-MUJICA

In DEPORTATION Proceedings

A-12461600

*Decided by Board July 10, 1964*

Since the *waiver* of permission to reapply granted respondent, a previously-deported Mexican alien, at the time of his entries as an agricultural laborer in 1958 and 1959, pursuant to the provisions of 8 CFR 214k.7, as amended Nov. 28, 1957, was limited and did not apply to future entries, particularly not one as an immigrant, he required permission to reapply and, therefore, was excludable under section 212(a)(17), Immigration and Nationality Act, at the time of his entry for permanent residence on April 29, 1961. (See *Matter of Villagomez-Gasca*, Int. Dec. #1276.)

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251]—Excludable by law existing at time of entry (sec. 212(a)(17), I. & N. Act; 8 U.S.C. 1182)—Arrested and deported—No permission to reapply for admission.

This case is before us on appeal from a special inquiry officer's order of March 25, 1964, directing that the respondent be deported from the United States to Mexico on the charge contained in the order to show cause; denying his application for *nunc pro tunc* permission to reapply for admission into the United States after arrest and deportation; and finding him ineligible for voluntary departure. The appeal will be dismissed.

The record relates to a 31-year-old married male alien who is a native and citizen of Mexico. He originally entered the United States in about 1953 without inspection and was deported because of that entry on June 13, 1953. He entered the United States as an agricultural contract laborer in 1958, worked for a period of about two months and returned to Mexico; and again entered the United States in 1959 as an agricultural laborer under a work contract, remained in the United States for a period of three months, and again returned to Mexico. He last entered the United States on April 29, 1961, when he was admitted for permanent residence upon presentation of a nonquota immigrant visa.

The main thrust of respondent's argument on appeal is that he did not require permission to reapply at the time of his application for an immigrant visa in 1961. He contends that permission to reapply for admission had been granted him, a previously deported Mexican alien, at the time he was contracted as an agricultural laborer in 1958, or recontracted as such in 1959. He urges that such permission was unlimited and applied to all his future entries no matter what their nature. He seeks support for this theory in a prior precedent decision of this Board (*Matter of V—G—*, A-13114857, BIA, 4/5/63; Int. Dec. No. 1276), wherein we made such a ruling as to an agricultural laborer admitted under contract in 1955.

The basis for our decision in that case was the wording of the then controlling regulation (8 CFR 214k.7), which read as follows:

*Previous removal, deportation, permission to reapply.* An alien who establishes that he is in all respects entitled to admission as an agricultural worker under the provisions of this part, except that he has been previously removed at Government expense pursuant to section 242(b) of the Act or excluded or arrested and deported solely because of illegal entry or absence of required documents, is hereby granted permission to reapply for admission to the United States as an agricultural worker. (17 F.R. 11562, Dec. 19, 1952 amended, 20 F.R. 5964, Aug. 17, 1955, redesignated 20 F.R. 6380, Aug. 31, 1955.)

The reason for that decision was that the language of the foregoing regulation granted outright permission to reapply rather than a waiver of said ground of inadmissibility. However, we also pointed out in that same case (pp. 5 & 6) that on November 28, 1957, the pertinent regulation was amended to grant to an agricultural laborer only a waiver of the ground of inadmissibility arising out of lack of permission to reapply following deportation. The regulation then read:

*Previous removal, deportation; permission to reapply.* Pursuant to the authority contained in section 212(d)(3) of the Act, the bar to admissibility contained in paragraphs (16) or (17) of section 212(a) of the Act is hereby waived for an alien who establishes that he is otherwise admissible as an agricultural worker under the provisions of this part, except for his previous removal or deportation because of entry without inspection or lack of required documents (22 F.R. 9518, Nov. 28, 1957, 8 CFR 214k.7).

Because of this significant change in the language, we concur in the special inquiry officer's conclusion that the waiver of permission to reapply for admission granted the respondent at the time of his entries as an agricultural laborer in 1958 and 1959 was limited and did not apply to future entries, particularly not one as an immigrant. Therefore, we agree with said official that the respondent is deportable on the above-stated charge, counsel's contentions to the contrary notwithstanding.

We also agree with the special inquiry officer that a grant of permission to reapply for admission, *nunc pro tunc*, would be an idle gesture

since the respondent could be charged with obtaining a visa by fraud or misrepresentation under section 212(a)(19) of the Immigration and Nationality Act (8 U.S.C. 1182). The reason is that he failed to disclose in the application for the visa with which he last gained entry into the United States in 1961 that he had been previously deported from the United States. His testimony in this respect was: "I wanted very much to enter the United States and I was afraid that if I told the Consul I was previously deported that he would not let me enter."

We further agree with the special inquiry officer that the respondent should not be granted the relief in question because he, a man married to a native, citizen and resident of Mexico, with five children enjoying the same status, has admitted that he was arrested in August, 1963, when he visited a married woman at her home. He stated that he had known her for approximately two or three weeks and that he had previously had sexual relations with her. He also stated that her husband, who was present when he arrived, called the police and had him arrested (pp. 9 & 10). This activity, coupled with the visa fraud (*ante*), militates against favorable exercise of discretionary relief.

Also, the respondent's admissions concerning his meretricious relationship with a married woman, establishing adultery, preclude him from establishing the good moral character requisite to a grant of voluntary departure (section 101(f)(2), I. & N. Act; 8 U.S.C. 1101). And even if such conduct did not render the respondent statutorily ineligible for the relief of voluntary departure it would, when coupled with his concealment of his prior deportation when applying for his visa and the fact that he has a wife and five children in Mexico, weigh against the grant of such relief as a matter of administrative discretion. Accordingly, the special inquiry officer's decision is affirmed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.